**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAFAEL PEREZ, JR.,**

        **Plaintiff,**

**vs.**
                                       **CASE NO.**

**ORANGE COUNTY, FLORIDA,**
**a charter county and a political subdivision**
**of the State of Florida**

        **Defendant.**

---

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

    Rafael Perez, Jr., Plaintiff herein, files this Complaint against Orange County, Florida, Defendant Orange County, Florida herein, and alleges:

**PARTIES**

    1.  Plaintiff, Rafael Perez, Jr., an individual, resides in Orange County, Florida.

    2.  Defendant, Orange County, Florida, has a principal place of business at 415 North Orange Avenue, Suite 1700, Orlando, Florida 32801.

**JURISDICTION**

    3.  The action arises under The Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA) (42 U.S.C. §§ 12101 to 12213) which prohibits employers from discriminating against qualified individuals with a

disability.

4.  This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5.  This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

6.  All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7.  Rafael Perez, Jr. (hereinafter "Perez") applied with Orange County Corrections and (hereinafter "Orange County"), which is an agency run by Orange County, Florida, on October 20, 2016.

8.  Perez applied and asked for veterans preference during the application process.

9.  Perez was given a conditional offer for a position as a Certified Corrections Officer.

10. Perez is a veteran with a service-connected disability that was incurred in or aggravated during military service.

11. Orange County treated Perez unfavorably in the hiring process because he has a disability, has a history of having a disability or because Orange County treated him as

having a disability.

12. Orange County refused to complete the hiring process because Perez has a disability, because he was diagnosed with a disability and because Orange County assumed he had a disability.

13. Orange County intentionally discriminated against Perez in regard to job application procedures and hiring.

14. Orange County intentionally discriminated against Perez when the conditional offer of employment was withdrawn.

15. Additionally, Orange County refused to complete the hiring process based on assumptions about Perez's ability to do the job as a Correction Officer in light of the fact that Perez has a disability rating from the U.S. Department of Veterans Affairs (VA).

16. Additionally, Orange County obtained Perez's medical information and harassed Perez throughout the hiring process.

17. Lastly, Orange County refused to provide a reasonable accommodation for Perez to complete the hiring process.

18. Perez is a veteran with a disability protected by the ADAAA – PTSD.

19. Perez was and continues to be qualified for the job as a Certified Correction Officer through his combination of education, training, experience and skills.

20. Perez's physical or mental impairment that substantially limits one or more major life activities is service-connected PTSD.

21. Perez has a record of such impairment.

22. Perez was regarded by Orange County as having such impairment and as having

impairment that was previously diagnosed as personality disorder.

23. Perez was and continues to be qualified for the position as Certified Correction Officer.

24. Perez was able to meet Orange County's requirements for the job including his education including a master's degree, his training, certification, and his relevant employment experience.

25. Perez was and continues to be able to perform the job's essential or fundamental duties with or without a reasonable accommodation.

26. Orange County took adverse employment action against Perez because of his disability.

27. Orange County used tests, selection criteria and qualification standards that screen out or tend to screen out individuals with disabilities.

28. Orange County did not accurately measure valid employment skills, but rather measured the impairment of Perez's disability.

29. Perez was an applicant with a conditional job offer.

30. Orange County withdrew the conditional job offer based on the results of the examinations that revealed Perez had a PTSD disability and a past diagnosis of personality disorder.

31. Orange County failed to demonstrate the reason was job-related and consistent with business necessity and no reasonable accommodation would enable Perez to perform the essential job functions with his service-connected PTSD.

32. Orange County failed to offer a reasonable accommodation that would enable Perez

to be employed with the PTSD diagnosis.

33. Perez held a master's degree in criminal justice, was formerly employed with the New York Department of Labor as a Public Work Wage Investigator and Safety and Health Investigator, Public Servant.

34. Perez attended Valencia College and received Basic Corrections Academy Certification without any sponsorship.

35. Perez was certified with the FDLE as a Certified Correction's Officer.

36. Perez completed the Corrections Academy in May of 2016 and passed the state examination with an 82% to be FDLE certified and performed at a high level in Orange County School of Public Safety

37. During the hiring process, Perez received an email from Ms. Serrano with the Orange County Human Resource Department on October 26, 2016 to advise that Perez passed the interview process and Orange County was extending a contingent offer of employment.

38. Orange County informed Perez that the next step was to pass a polygraph examination.

39. On the day of the examination, October 25, 2016, George Steinbarger asked Perez a series of questions about criminal, drug and military history.

40. Perez was asked about what happened during the time he was enlisted in the military and why Perez was only in for less than 2 years.

41. Perez was asked about why he did not present his DD-214 and if he was "hiding something".

42. Perez was asked about a letter concerning his pension and told "come on man, we are both military, is something on the DD-214 you do not want me to know about? What was the separation code? Tell me the truth."

43. Perez was asked when he was discharged 'General Under Honorable' what was the label and what the reason for separation.

44. Perez was repeatedly asked about his reason for separation or the label that accompanied his 'General Under Honorable'.

45. Perez reluctantly explained that he was separated due to a medical diagnosis with a personality disorder.

46. Perez was asked to explain what happened to lead to the label that accompanied his 'General Under Honorable'.

47. Perez explained that he had been subsequently diagnosed by two separate doctors that he did not have a personality disorder.

48. Perez was questioned further and explained that he was diagnosed with PTSD (Post Traumatic Stress Disorder).

49. These questions preceded the actual polygraph examination.

50. After the actual polygraph examination, Perez was instructed to write down the details about the past diagnosis of personality disorder and the current diagnosis of PTSD and to give a description of what happened.

51. Perez explained that he was not comfortable with that and that he feels he is being pressured to do something he did not need to do.

52. Perez was told it was in case he does not tell the psychologist about the diagnoses.

53. The session was audio and video recorded.

54. On Friday, January 12, 2017, Perez received a call from Meghan Dahlquist-Kelly from HR.

55. Ms. Kelly explained that after the polygraph examination, that his application required a pre-employment psychological test with Dr. Laughna.

56. Perez received an email from Orange County where Orange County requested 6 different documents including but not limited to a questionnaire and a healthcare information release form.

57. Orange County required the documents to be completed for Perez to continue the hiring process.

58. On the day of the examination, Perez was subjected to a 3 and ½ hour test.

59. The examination focused on Perez's service-connected disability and the rating with the VA.

60. Perez provided documentation that made it clear he was eligible to work and his ability to do the job.

61. Perez was asked questions regarding his rating and how much he receives in veteran's benefits.

62. Perez was asked how much of the benefits are for his diagnosis of PTSD.

63. Perez was asked how he got PTSD.

64. During the examination, Perez was constantly harassed and mocked by statements including but not limited to, "I just don't see it…Who evaluated you…Who told you to go and apply for the disability benefits and what doctors diagnosed you with this disability…I

need to see the full report and I want your full report of your whole history"

65. Perez was forced to relive the details and despite his obvious discomfort with the interrogation (as opposed to examination) was mocked "So you must have had a really bad experience, right right?" as the examiner rolled her eyes.

66. At the end of the examination, Perez was told to bring his Compensation and Pension Evaluation along with a prior psychological disability evaluation and stated his application will be on hold.

67. Perez was further threatened that he would be disqualified if he did not bring the documents.

## VIOLATION OF ADAAA

68. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 67.

69. Defendant, Orange County, intentionally engaged in unlawful employment practices involving Plaintiff because of Plaintiff's disability.

70. Defendant, Orange County, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect Plaintiff's status as an employee.

71. At all material times, Plaintiff was able to perform the essential functions of Plaintiff's position with or without accommodation.

72. Plaintiff has a disability which substantially limits at least one major life activity.

73. Plaintiff was discriminated against on the basis of Plaintiff's disability.

74. Orange County failed to hire Perez.

75. Orange County's adverse employment action was motivated by Orange County's discriminatory animus, words from screeners supervised by employees making the ultimate employment decision.

76. The examiners influenced the ultimate employment decision and Orange County obtained private information regarding a service-connected disability and refused employment based on that information.

77. Perez is a qualified individual within the meaning of ADA § 101(8) (42 U.S.C.A. § 12111(8)) in that he has a disability—PTSD and Orange County assumed Perez had a personality disorder.

78. Orange County is an "employer" and a "covered entity" under ADA § 101(2), (5)(A) (42 U.S.C.A. § 12111(2), (5)(A)).

79. Perez's conditional offer was withdrawn in violation of the ADA due to his disability. ADA § 102(a) (42 U.S.C.A. § 12112(a)).

80. Perez has met the prerequisites for filing suit under the ADA. On June 18, 2017, Perez filed a Charge of Discrimination ("Charge") with the Florida Commission on Human Relations and the Miami Regional Office of the EEOC, alleging that he had been discriminated against in violation of the ADAAA. A copy of the Charge is attached as Exhibit [A].

81. The EEOC issued a Determination finding reasonable cause to believe that Perez is a qualified individual with a disability and that Orange County violated the ADAAA. A copy of the Determination is attached as Exhibit [B]. On September 6, 2019, the EEOC

issued to Perez a Notice of Right to Sue Orange County in the United States District Court. (The Notice of Right to Sue is attached as Exhibit [C].)

82. Perez has been damaged by Orange County's violation of the ADAAA.

THEREFORE, Rafael Perez, Jr. requests that judgment be entered in his favor in an amount to be determined at trial encompassing front pay, back pay, attorney's fees, pain and suffering, costs, and such other amounts as deemed appropriate.

## DEMAND FOR ATTORNEY'S FEES

Plaintiff has employed Rasheed Karim Allen for representation in this action and has agreed to pay a reasonable attorney fee to Rasheed Karim Allen.

Plaintiff is entitled to recover reasonable attorney's fees incurred in connection with this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by jury.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands a jury trial of this action, and further demands judgment against Defendant for damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system and the following party will be served via initial service of process.

Orange County, Florida
415 North Orange Avenue, Suite 1700
Orlando, Florida  32801
Telephone: (407) 836-2400

Respectfully submitted,

ALLEN & DAWSON, PLLC.
189 S. Orange Avenue, Suite 1530-B
Orlando, Florida 32801
Telephone: (407) 986-2092

/s/Rasheed Karim Allen
Rasheed Karim Allen
Attorney for Plaintiff
Florida Bar Number: 88525